**Realdalist A. FAHIE, Plaintiff,**

v.

**The NEW YORK CITY DEPARTMENT OF CORRECTION, Defendant.**

No. 89 Civ. 3350 (KTD).

United States District Court,
S.D. New York.

March 8, 1990.

Realdalist A. Fahie, Bronx, N.Y., pro se.

Peter L. Zimroth, Corp. Counsel (Ira J. Lipton and Georgia Pestana, Asst. Corp.

Counsel, of counsel), New York City, for defendant.

## MEMORANDUM & ORDER

KEVIN THOMAS DUFFY, District Judge:

Plaintiff Realdalist A. Fahie, proceeding *pro se*, brings this action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e–2, 2000e–3 (1982) for injunctive and compensatory relief. He alleges that he was denied employment by defendant New York City Department of Corrections (the "Department") in retaliation for his filing of a discrimination complaint against a prior employer, the Federal Bureau of Prisons. The Department moves pursuant to Fed.R.Civ.P. 56 for summary judgment dismissing the complaint.

## FACTS

Fahie successfully completed the Civil Service Exam for the probationary position of correction officer for the Department in February 1983. As such, he was placed on a rank-ordered list of "eligibles" for that position. Fahie was then interviewed by an investigator with the Department's Applicant Investigation Unit ("AIU").

Fahie claims that he informed the AIU investigator of his pending discrimination complaint against his most recent employer, the Federal Bureau of Prisons. No record of that disclosure appears in the background folder maintained by AIU. *See* Alan Vengersky Affid. ¶ 7, Exh. C. The AIU investigator completed an investigation summary and evaluated Fahie as a "very doubtful" appointment in light of the unflattering information in his military records and his "marginal" performance in a similar position for the Federal Bureau of Prisons. The AIU investigator's team leader thus recommended that Fahie not be appointed. Vengersky Affid. ¶ 7, Exhs. C, D.

Pursuant to New York Civil Service Law § 61 and Rule 4.7.4 of the Rules and Regulations of the City Personnel Director, the Personnel Division at the Department considered Fahie and two other eligibles for appointment for three successive vacancies. Another eligible was selected for appointment to each vacancy. In accordance with the Civil Service Law, Fahie's name was then removed from the eligibles list and he was notified that he had not been selected for appointment.

The Department claims that Fahie's military and work history "clearly indicated" that Fahie was not suited for the position of correction officer. Significantly, the Commanding Officer to whom Fahie had been assigned during his service in the United States Navy had recommended discharge "by reason of unsuitability" due to Fahie's "[i]mmature personality with violent traits, persecution complex and inability to conform to military life." Vengersky Affid. ¶ 5, Exh. A. The Commanding Officer further stated that Fahie was an "administrative and disciplinary burden" and that his violent behavior "render him useless for further naval service." Vengersky Affid. ¶ 5, Exh. A. In addition, the Federal Bureau of Prisons advised AIU that Fahie had been discharged from his position as correction officer during his probationary period due to continued "marginal work performance." Vengersky Affid. ¶ 6, Exh. B.

Fahie then filed a complaint with the New York City Commission on Human Rights, which determined that there was no probable cause to believe that the Department had engaged in any discriminatory behavior. The Justice Department issued a "right to sue" letter pursuant to 42 U.S.C. § 2000e–5(f)(1) (1982) on April 6, 1989 and this action was instituted shortly thereafter.

## DISCUSSION

■ The Supreme Court has set forth a three-step analysis of factual issues in Title VII claims. Plaintiff bears the initial burden of establishing a prima facie case of discrimination. *Sorlucco v. New York City Police Dep't*, 888 F.2d 4, 7 (2d Cir. 1989) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–05, 93 S.Ct. 1817, 1824–26, 36 L.Ed.2d 668 (1973)). If the

plaintiff establishes a prima facie case, the burden shifts to the defendant to state a legitimate reason for the termination. *Id.* If a legitimate reason for the discharge is articulated, the burden shifts back to the plaintiff to show that the defendant's stated reason for the discharge is pretextual. *Id.* It is well established that the order of proof in a retaliation case follows that three-step analysis. *Grant v. Bethlehem Steel Corp.,* 622 F.2d 43, 46 (2d Cir.1980).

■■■ To make out a prima facie case of retaliation under § 704(a) of Title VII, 42 U.S.C. § 2000e–3(a),[1] Fahie must show that he engaged in an activity protected under Title VII, that his activity was known by the alleged retaliator, that an adverse employment action disadvantaging him occurred, and that a causal connection exists between his participation in the protected activity and the adverse employment action. *Grant v. Bethlehem Steel Corp.,* 622 F.2d 43, 46 (2d Cir.1980). Title VII is violated if " 'a retaliatory motive play[ed] a part in the adverse employment actions.' " *Davis v. State University of New York,* 802 F.2d 638, 642 (2d Cir.1986) (quoting *Grant v. Bethlehem Steel Corp.,* 622 F.2d 43, 46 (2d Cir.1980)).

■■■ Fahie's filing of a complaint with the EEOC no doubt is the type of protected activity contemplated by the statute. It is disputed, however, whether the Department knew of Fahie's filing of a claim against the Federal Bureau of Prisons, his *prior* employer. For the purposes of this motion I must accept Fahie's contention that he disclosed that information to the investigator.

There is no indication from the record before me, however, that links Fahie's complaint against his former employer to his non-appointment by the Department. Although the Second Circuit has held that proof of a causal connection may be established indirectly by a showing that the protected activity was followed closely by alleged discriminatory treatment, *Davis v.*

*State University of New York,* 802 F.2d 638, 642 (2d Cir.1986), Fahie fails to provide any evidence of such a causal link here. Indeed it strains common sense to accept as predestined a retaliatory act by a state department due to the filing of a complaint against its federal counterpart. Fahie's bare allegation that he advised the Department that he had filed a race discrimination complaint against his former employer and that he subsequently was not appointed to the position of correction officer with the Department does not establish the requisite "but for" causation. Failing to show a nexus between the two, there cannot be the "retaliation" which the plaintiff alleges.

Nor is it decreed under the New York State Civil Service Law that simply passing the civil service test obligates the Department to appoint Fahie to a position. The appointing authority retains the discretion to select any one of the top three candidates on the list. § 61. In addition to a candidate's scores on examination, prior experience and performance is highly relevant when considering a candidate for a civil service position. *Cassidy v. Municipal Civil Service Commission,* 37 N.Y.2d 526, 337 N.E.2d 752, 375 N.Y.S.2d 300 (1975). The Department thus properly considered Fahie's military record and employment record in evaluating him for appointment. I therefore cannot find that a retaliatory motive "played a part" in the adverse employment action.

■■■ Even assuming that such a "causal link" has been shown and a prima facie case established, the Department has articulated legitimate nondiscriminatory reasons for not appointing Fahie. Fahie's poor military record and work history in a similar position certainly provide ample reason for his non-selection to the rather sensitive position of correction officer. *See Davis v. State University,* 802 F.2d 638, 642 (2d Cir.1986); *Thermidor v. Beth Israel Medical Center,* 683 F.Supp. 403, 412 (S.D.N.Y.1988).

---

**1.** Section 704(a) makes it an unlawful act for "an employer to discriminate against any of his employees or applicants for employment ... because he has made a charge, testified, assisted

or participated in any manner in an investigation, proceeding or hearing under this subchapter."

**18**

The burden then shifts back to Fahie to establish that the Department's articulated reason is pretextual. He has not done so. He has wholly failed to offer any evidence indicating that the Department's proffered explanation is unworthy of credence or that a discriminatory reason more likely than not motivated the Department not to appoint him. As the Second Circuit has stated, "[t]o allow a party to defeat a motion for summary judgment by offering purely conclusory allegations of discrimination, absent any concrete particulars, would necessitate a trial in all Title VII cases." *Meiri v. Dacon,* 759 F.2d 989, 998 (2d Cir.), *cert. denied,* 474 U.S. 829, 106 S.Ct. 91, 88 L.Ed.2d 74 (1985).

Accordingly, the Department's motion for summary judgment is granted and the complaint is dismissed.

SO ORDERED.