Carolyn Buchanan
KENNEDY, Plaintiff,

v.

McDONALD'S CORPORATION and
Franchise Development Systems,
Inc., Defendants.

Civ. A. No. 84–2076.

United States District Court,
S.D. West Virginia,
Charleston Division.

June 5, 1985.

Douglas Miller, Charleston, W.V., for plaintiff.

William W. Booker, Love, Wise & Woodroe, Charleston, W.V., for McDonald's Corp.

Stephen A. Weber, Kay, Casto & Chaney, Charleston, W.V., for Franchise Development Systems, Inc.

ORDER

HADEN, Chief Judge.

Pending is the Defendant McDonald's Corporation's motion for summary judgment filed April 5, 1984, and the Plaintiff's motion for summary judgment filed April 1, 1985.

This is a Title VII action in which the Plaintiff, a black female, in two charges before the West Virginia Human Rights Commission filed on or about June 16, 1983, claims sex and race discrimination. Each of the charges concern the events on or about May 17, 1983, where disciplinary action was taken against the Plaintiff. The Plaintiff was employed in several restaurants operating under the name McDonald's in the Charleston area. She began her employment with Franchise Development Systems, the owner of the McDonald's stores May 10, 1978, and she was terminated December 24, 1983. In May, 1983, the Plaintiff was suspended twice, once with pay and once without pay. She was also demoted in May, 1983, and suffered a loss of salary of $1,000 per annum.

The Plaintiff's charge filed on or about June 16, 1983, names "McDonald's—General Office" as the respondent. The Plaintiff in the action before this Court names McDonald's Corporation and Franchise Development Systems, Inc. each as Defendants. Franchise Development Systems, Inc. is the owner and operator of five stores in Kanawha County doing business as McDonald's of Greater Charleston. There is no common financial control between Franchise Development Systems and McDonald's Corporation. Further, there are no common employees, no common officers in the corporations, no employee of McDonald's corporation owns stock in Franchise Development Systems, nor is Franchise Development Systems required to consult or obtain permission of any officer, employee or agent of McDonald's corporation to hire, fire or discipline employees of Franchise Development Systems.

Franchise Development Systems did not, in fact, consult with McDonald's Corporation to discipline and ultimately discharge the Plaintiff. The decision was made by Samuel McBride, the owner of Franchise Development Systems, and David Young, the store manager of the establishment in which the Plaintiff worked in May, 1983.

The Plaintiff has responded to the Defendant McDonald's Corporation's motion by filing her own motion for summary judgment and as she does not place any new matters on the record with her motion, she apparently relies upon the record as developed by Franchise Development Systems and McDonald's Corporation's pleadings.

The principal issue raised by McDonald's Corporation in its motion for summary judgment is whether it is the Plaintiff's employer for the purposes of Title VII. While Title VII is not to be construed narrowly, there is nothing in the legislative history of the act which indicates that Congress intended to reach anything other than employment or potential employment relationships. *EEOC v. Zippo Mfg. Co.,* 713 F.2d 32, 37 (5th Cir.1983); *Cobb v. Sun Papers, Inc.,* 673 F.2d 337, 339 (11th Cir. 1982).

In Title VII cases, determination of employee status includes both common law principles and the "economic realities" test. *Garrett v. Phillips Mills Co.,* 721 F.2d 979, 981 (4th Cir.1983). Common law determines employee status on factors focused upon the control of the purported employer exerted over the purported employee. *Garrett,* at 981; *Cobb,* at 340. Among the factors considered in the common law analysis are the kind of occupation engaged in, the skill required in the occupation, whether the employer furnishes equipment and a place to work for the employee, the method of payment, the manner in which the work relationship would be terminated, the length of time the employee has worked with the purported employer, whether annual leave is provided, whether work is an

integral part of the business of the employer, whether the worker accumulated benefits, whether the employer pays the Social Security taxes of the employee, and the intention of the parties. *Garrett*, at 982; *Zippo*, at 37; and *Cobb*, at 340.

The economic realities test is enunciated in *Bartels v. Birmingham*, 332 U.S. 126, 130, 67 S.Ct. 1547, 1549, 91 L.Ed. 1947 (1947):

"Obviously control is characteristically associated with the employer-employee relationship, but in the application of social legislation employees are those who as a matter of economic reality are dependent upon the business to which they render service."

■ In the instant case, the Plaintiff asserts that she is not only the employee of Franchise Development Systems, which is admitted, but also the employee of McDonald's Corporation. The deposition and affidavit record show that the Plaintiff took instructions from McBride, the owner of Franchise Development Systems, and Young, the employee of Franchise Development Systems. The Plaintiff took direct instructions only from these persons. The premises at which she worked and the equipment which she used were owned by Franchise Development Systems. The decision to hire, fire and discipline her was made by Franchise Development Systems officers, agents or employees. Her paycheck and taxes were paid by Franchise Development Systems. As noted earlier, the disciplinary action of Franchise Development Systems were taken without consultation or approval by McDonald's Corporation. As a matter of dependence, the Plaintiff drew no salary from McDonald's Corporation, only Franchise Development Systems.

Accordingly, upon the facts as presented, the Court finds that there is no genuine issue of fact and that McDonald's Corporation is entitled to judgment as a matter of law as it does not employ the Plaintiff for the purposes of Title VII.

This lack of an employment relationship similarly invalidates the Plaintiff's Equal Pay Act claim against McDonald's Corporation. *Donovan v. Agnew*, 712 F.2d 1509, 1510–11 (1st Cir.1983).

■ With respect to the Plaintiff's claim under 42 U.S.C. § 1985(3), the Plaintiff would be required to establish (1) that the Defendants entered into an agreement; (2) that the Defendants or one of them engaged in an overt act in furtherance of the agreement; (3) that the agreement had an unlawful purpose; and (4) that the Plaintiff suffered actual damages. *See Halberstam v. Welch*, 705 F.2d 472, 477 (D.C.Cir.1983). Further, the Supreme Court of the United States held in *Great American Federal Savings and Loan Association v. Novotny*, 442 U.S. 366, 378, 99 S.Ct. 2345, 60 L.Ed.2d 957 (1979), that 42 U.S.C. § 1985(3) cannot be invoked to remedy violations of Title VII.

■ As no communications between Franchise Development Systems and McDonald's Corporation concerning the Plaintiff's employment can be shown under these facts, there could be no agreement concerning the Plaintiff's discipline or discharge. Further, the Plaintiff asserts only one cause of action which lumps together the Equal Pay Act claim, the Title VII claim and the § 1985(3) claim, and for this reason also, the Plaintiff's § 1985(3) claim is dismissed pursuant to McDonald's Corporation's motion for summary judgment.

Accordingly, McDonald's Corporation's motion for summary judgment filed April 5, 1984, is granted, and the Plaintiff shall take nothing from the Defendant McDonald's Corporation.

With respect to the Plaintiff's motion for summary judgment filed April 1, 1985, considering the memoranda offered by the parties and the documentation offered by the Defendant Franchise Development Systems, the Court finds that there is a genuine issue of material fact and denies the Plaintiff's motion for summary judgment.