117 F.3d 1425
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Bruce MILLER, Anthony P. Grant, Rena K. Grant, Thomas A.
Grant, Mark Oring, Mark A. Ukra, James Jacobson, Phyllis M.
Finne, Winfried R. Von Merkatz, William Meeker, Melvin L.
Gerstner, Joe Varga, Barbara Varga, Albert Schremp, Virginia
Schremp, Masao Nakamoto, Leroy A. Reese, Kenneth Kaminski;
Estate of George Kypridakis by Kappa Lambda, Administrator,
Mark Light, Richard A. Pierce, Phil A. Evans, Penny Baskin;
Sagax Development Corp., Plaintiffs-Appellants,
v.
EUROPEAN FILM ENTERPRISES, INC.; Clemens Stefen Martin;
Andreas T. Langenscheidt, Defendants-Appellees.
 No. 96-55313.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 2, 1997.
July 3, 1997.
 
 Before: BROWNING, FLETCHER, and KOZINSKI, Circuit Judges
 MEMORANDUM*
 The district court abused its discretion by refusing to consider plaintiffs' argument that Langenscheidt should be held liable under either a partnership or alter ego theory. The Federal Rules of Civil Procedure establish a liberal system of notice pleading. Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 168 (1993). "A party need not plead specific legal theories in the complaint, so long as the other side receives notice as to what is at issue in the case." American Timber & Trading v. First Nat'l Bank, 690 F.2d 781, 786 (9th Cir.1982).
 Langenscheidt had ample notice that the plaintiffs would pursue the partnership and alter ego theories. The complaint did not explicitly or implicitly disclaim liability under either theory; in fact, the plaintiffs asserted Langenscheidt could be held liable for the acts of Martin to the extent that Martin was Langenscheidt's "agent."[1] Compl. p 7. Moreover, five months before summary judgment was granted, the plaintiffs made their reliance on the partnership and alter ego theories patent in their "Opposition to Motion to Continue Trial and Related Dates." Langenscheidt was not prejudiced by the plaintiffs' failure to explicitly identify these theories in their complaint.
 REVERSED and REMANDED.
 
 
 1
 KOZINSKI, Circuit Judge, dissenting.
 
 
 2
 The allegations of the complaint all presume that Langenscheidt directly participated in the fraud, individually or as a corporate officer. Because the complaint contains no allegations which, if true, would establish his liability vicariously as Martin's partner, the district court properly refused to consider this claim when deciding the summary judgment motion. See Acri v. International Ass'n of Machinists, 781 F.2d 1393, 1398-99 (9th Cir.1986) (leave to amend denied and summary judgment granted on original theory where plaintiff asserted new theory only after oral argument on summary judgment motion); Evans v. McDonald's Corp., 936 F.2d 1087, 1091 (10th Cir.1991) ("We do not believe ... that the liberalized pleading rules permit plaintiffs to wait until the last minute to ascertain and refine the theories on which they intend to build their case."). If the plaintiffs wanted to claim liability on a partnership theory, they were required to amend their complaint. They failed to do so in a timely fashion, though they knew of the potential for partnership liability at least seven months before the summary judgment hearing.
 
 
 3
 It is true that the complaint need not plead specific theories if the defendant receives notice as to what is at issue, see maj. op. at 2, but Langenscheidt had no such notice. One boilerplate paragraph in the complaint did claim that the defendants "were acting on their own behalf and as the agents, servants, and employees of each other, and within the scope of their page 2 agency and employment." However, "agents, servants, and employees" are quite different from partners. See 9 B. Witkin, Summary of California Law, Partnership, § 14 (9th ed.1989). The majority's observation that the "complaint did not ... disclaim liability" under the partnership or alter ego theories, maj. op. at 2, is twaddle. Since when do complaints ever disclaim theories of liability?
 
 
 4
 The majority also points to the plaintiffs' "Opposition to Motion to Continue Trial and Related Dates," in which one paragraph in the statement of facts of a document devoted to discovery issues describes the defendants as partners. If this so patently gave notice, why did the plaintiffs fail to point to it in their initial brief on appeal or include it in their initial excerpts of record? The plaintiffs have done it again: They have changed theories when their initial argument proved a loser, and after Langenscheidt filed his only brief. The majority rewards carelessness and perfidy to the prejudice of Langenscheidt, who might well have handled the case differently both below and before us, had he been told what plaintiffs' claim is all about. I would hold the plaintiffs to the position they took below and in their opening brief before us, and affirm.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 "Agents, servants, and employees are quite different from partners," as the dissent observes. The relevant point, however, is that Langenscheidt should have realized from the plaintiffs' complaint, filings, and inquiries that he could be held liable for Martin's acts