**Dalip BASANTI, Plaintiff–Appellant,**

**v.**

**The UNITED STATES of America, Defendant–Appellee,**

and

**Jeffrey Metcalf; Jason Rozeski, M.D., Defendants.**

No. 15–1149

United States Court of Appeals, Tenth Circuit.

Filed November 23, 2016

(D.C. No. 1:11–CV–02765–PAB–NYW), (D. Colorado)

Jessica Derakhshanian, Derakhshanian Law, James M. Leventhal, Benjamin Isaac Sachs, Esq., Leventhal, Brown & Puga, Anthony Viorst, Esq., The Viorst Law Offices, P.C., Denver, CO, for Plaintiff–Appellant.

Mark S. Pestal, Karl L. Schock, Office of the United States Attorney, District of Colorado, Denver, CO, for Defendant–Appellee.

Sheryl K. Bridges, Esq., Kennedy Childs & Fogg, PC, Denver, CO, for Defendants.

Barbara H. Glogiewicz, Kennedy Childs P.C., Denver, CO, for Defendant Jeffrey Metcalf.

Kevin Joseph Kuhn, Esq., John P. Streelman, Wheeler Trigg O'Donnell, Denver, CO, for Defendant Jason Rozeski.

Before LUCERO, BALDOCK, and BACHARACH, Circuit Judges.

## ORDER AND JUDGMENT *

Carlos F. Lucero, Circuit Judge

Dalip Basanti appeals from district court orders excluding proposed expert testimony and entering final judgment in favor of the United States. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

### I

On October 28, 2009, Basanti became paralyzed from the chest down when a benign endodermal cyst compressed her spinal cord. Prior to her paralysis, Basanti had sought treatment from doctors at both Salud Family Health Center ("Salud") and Platte Valley Medical Center ("PVMC") for various health issues, including back and shoulder pain. Although some of Basanti's symptoms were, in hindsight, likely indicia of an endodermal cyst, none of Basanti's treating physicians made this diagnosis in time to prevent her paralysis. As a result, Basanti brought suit for medical negligence.[1]

Basanti was born in Punjab, India, and her native language is Punjabi. The parties dispute the extent to which Basanti speaks and understands English, but she asserts that she has limited English proficiency ("LEP"). Prior to trial, Basanti sought to admit expert testimony from Dr. Glenn Flores on language issues in healthcare. Specifically, Dr. Flores was retained to testify that the defendants acted below the standard of care and caused Basanti's injuries by failing to utilize interpretive services to communicate with her during her medical appointments. Basanti retained two other experts, Dr. Laurence Huffman and Dr. David Glaser, to present similar testimony that the defendants had violated the standard of care by treating Basanti without a medical interpreter.

Several defendants moved to strike Dr. Flores' testimony in full, along with any language-related opinions expressed by Dr. Huffman and Dr. Glaser. The district court granted the motion as to Dr. Flores' standard of care and causation opinions. It concluded that Dr. Flores was not qualified to opine on whether the defendants' failure to use a medical interpreter caused Basanti's specific injuries. And without any evidence of causation related to this theory, the court determined that Dr. Flores' opinion on the appropriate standard of care was irrelevant. The district court denied the motion to strike the opinions of Drs. Huffman and Glaser but noted that any testimony on the standard of care for LEP patients would have to overcome the same relevancy issues to be admissible.[2]

Basanti's claims against the individual doctors were tried to a jury, and her claims against the United States were tried simultaneously in a bench trial. Both the jury and the court returned verdicts in favor of the defendants. Basanti timely appealed.

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

1. Basanti named PVMC, multiple individual doctors, and the United States by and through Salud, see 42 U.S.C. § 233(g), as defendants. The United States is the only defendant involved in this appeal.

2. The United States did not join the motion, thus it is unclear whether the district court's order applied to Basanti's claim against the United States, or whether Basanti properly preserved her objection on appeal. However, because the United States raised this argument only in summary fashion, we decline to consider it. United States v. Hardman, 297 F.3d 1116, 1131 (10th Cir. 2002) ("Arguments raised in a perfunctory manner, such as in a footnote, are waived.").

## II

Basanti contends the district court abused its discretion by excluding Dr. Flores' opinions on causation and standard of care, as well as his generalized testimony as to the adverse effects of language barriers in healthcare. We review a district court order excluding expert testimony under Federal Rule of Evidence 702 using a two-step process. "We review de novo whether the district court employed the proper legal standard and performed its gatekeeper role in determining whether to admit or exclude expert testimony." United States v. Nacchio, 555 F.3d 1234, 1241 (10th Cir. 2009) (en banc) (quotation omitted). We then "review for abuse of discretion the manner in which the district court performs this gatekeeping role." Id. Our review at the second step "is deferential: we will not disturb the ruling unless it is arbitrary, capricious, whimsical or manifestly unreasonable, or we are convinced that the district court made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances." Id. (quotations omitted). Basanti does not contend that the district court applied the wrong legal standard in deciding to exclude Dr. Flores' testimony. Thus, our review proceeds directly to step two.

In applying Rule 702, trial courts act in a "gatekeeping role" to ensure that expert testimony "is not only relevant, but reliable." Daubert v. Merrell Dow Pharm., 509 U.S. 579, 589, 597, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993). As part of this inquiry, district courts must assess whether a witness is qualified "by knowledge, skill, experience, training, or education" to offer expert testimony. Nacchio, 555 F.3d at 1241 (quotation omitted). If that requirement is met, expert testimony is admissible if it bears the hallmarks of reliability—it is "based on sufficient facts or data," it is "the product of reliable principles and methods," and "the expert has reliably applied [those] principles and methods." Fed. R. Evid. 702. Expert testimony must also be relevant, meaning it must "logically advance a material aspect of the case." United States v. Garcia, 635 F.3d 472, 476 (10th Cir. 2011) (alteration omitted).

### A

■ Basanti contends the district court abused its discretion by concluding that Dr. Flores was not qualified to opine as to specific causation. She argues that the district court improperly focused on Dr. Flores' qualifications to treat Basanti's specific condition, rather than on his knowledge and experience as an expert of language issues in healthcare. Basanti suggests that Dr. Flores' testimony on language issues is applicable to all medical settings, irrespective of the specialty. Relying on Wheeler v. John Deere Co., 935 F.2d 1090 (10th Cir. 1991), she urges that "an expert witness is not strictly confined to his area of practice, but may testify concerning related applications; a lack of specialization does not affect the admissibility of the opinion, but only its weight." Id. at 1100.

Basanti's reliance on Wheeler is misplaced. Not only has this court questioned the continued viability of Wheeler as a pre-Daubert opinion, but it has concluded that "merely possessing a medical degree is not sufficient to permit a physician to testify concerning any medical-related issue." Ralston v. Smith & Nephew Richards, Inc., 275 F.3d 965, 970 (10th Cir. 2001). Our decision in Ralston thus directly undermines Basanti's position that Dr. Flores' knowledge and experience with language issues qualifies him as an expert in all medical settings.

Moreover, the district court excluded Dr. Flores' testimony only after Dr. Flores himself admitted that: (1) he had never

diagnosed a patient with Basanti's condition; (2) he would not be competent to work up an adult patient complaining of Basanti's symptoms; (3) he did not know whether Basanti's recorded signs and symptoms were sufficient to diagnose her cyst; (4) he did not know what additional information would have been necessary to diagnose or treat her condition more effectively; and (5) deciding whether an adult patient needs a thoracic MRI falls outside the scope of his practice. The district court found no evidence that Dr. Flores had any familiarity with Basanti's condition such that he could have offered an informed opinion on whether adequate language services would have resulted in earlier diagnosis of her cyst or prevention of her paralysis. Nor have we uncovered any such evidence in the record. We therefore cannot say that the district court abused its "wide discretion" by concluding that Dr. Flores was unqualified, in the specific circumstances of this case, to opine that the defendants' failure to use language services caused Basanti's injuries. United States v. Arney, 248 F.3d 984, 990 (10th Cir. 2001); cf. Kumho Tire Co. v. Carmichael, 526 U.S. 137, 156, 119 S.Ct. 1167, 143 L.Ed.2d 238 (1999) ("[T]he question before the trial court was specific, not general. The trial court had to decide whether this particular expert had sufficient specialized knowledge to assist the jurors in deciding the particular issues in the case." (quotation omitted)).

## B

■ Basanti also challenges the district court's exclusion of Dr. Flores' standard of care testimony. The district court concluded that Dr. Flores' opinion concerning the standard of care for diagnosing and treating LEP patients was irrelevant, absent some evidence that the failure to use an interpreter caused Basanti's injuries.

Basanti's only argument on appeal appears to be that the exclusion of Dr. Flores' standard of care testimony was in error because it was based on the district court's flawed conclusion that Dr. Flores was not qualified to opine as to specific causation. Because we have determined that the district court did not abuse its discretion by excluding Dr. Flores' causation testimony, Basanti's argument requires us to conclude that the standard of care testimony was also properly excluded. Basanti offers no alternative basis on which to find an abuse of discretion on this issue.[3]

■ Moreover, even if the district court erred in excluding Dr. Flores' standard of care testimony, Basanti cannot show that such error was prejudicial. See Praseuth v. Rubbermaid, Inc., 406 F.3d 1245, 1253 (10th Cir. 2005). To find prejudice, we must be able to reasonably conclude that the exclusion of Dr. Flores' standard of care testimony made a difference in the outcome of Basanti's claims. Id. However, Basanti apparently never attempted to present evidence, apart from Dr. Flores' testimony, to establish that language issues caused her injuries. Thus, even if the court had admitted Dr. Flores' standard of care opinions, the absence of causation evi-

3. At oral argument, counsel for Basanti suggested that Dr. Flores' standard of care testimony was encompassed within his generalized testimony, discussed infra, and thus admissible irrespective of the district court's exclusion of his causation opinions. However, that position misstates the argument presented in Basanti's opening brief, which addresses the exclusion of Dr. Flores' standard of care and causation testimony separately from the exclusion of his generalized testimony. To the extent counsel was raising a new argument not clearly presented in the briefs, we will not consider it. See Bronson v. Swensen, 500 F.3d 1099, 1104 (10th Cir. 2007).

dence would have precluded an ultimate finding of liability.

Basanti's decision not to introduce the testimony of Drs. Huffman and Glaser on the standard of care for treating LEP patients further indicates that she was not prejudiced by the exclusion of Dr. Flores' testimony on that issue. The district court expressly noted in its order granting defendants' motion to strike that although Drs. Huffman and Glaser's testimony was not excluded, it would need to "overcome the [same] relevance issues" identified with respect to Dr. Flores' opinions. Basanti therefore had a second opportunity to present causation evidence, both to establish the relevance of Drs. Huffman and Glaser's standard of care opinions and to support an ultimate finding of liability, but she failed to do so.

### C

Basanti's final claim of error is that the district court abused its discretion in excluding Dr. Flores' "generalized testimony" on the adverse effects of language barriers on health and healthcare. She asserts that such testimony was relevant, as it would have offered the court a critical lens through which to view Basanti's medical records.

We are not persuaded by this argument because there is no indication that the district court's order excluded Dr. Flores' generalized testimony. Although the defendants moved to strike Dr. Flores' testimony in full, the court construed the motion as challenging only his opinions on causation and standard of care.[4] At no point did the district court refer to Dr. Flores' "generalized testimony," nor did Basanti refer to such testimony in her response to the motion to strike.

Basanti does not advance her position by arguing that the generalized testimony was excluded by the district court order because it was "necessarily intertwined" with the standard of care and causation opinions. If the generalized testimony was encompassed in the other, properly excluded opinions, then that testimony would also have been properly excluded.

### III

For the foregoing reasons, the district court order and judgment are **AF-FIRMED.**

---

4. The court construed the motion to strike as challenging only the causation and standard of care opinions after noting the defendants had violated the court's practice standards by failing to identify with specificity each opinion they were seeking to exclude.