**MOUNTAIN CLAY, INC., Appellant,**

**v.**

**COMMONWEALTH of Kentucky, COMMISSION ON HUMAN RIGHTS, and Anita Joan Elkins, Appellees.**

**No. 90–CA–002326–MR.**

Court of Appeals of Kentucky.

May 1, 1992.

Timothy J. Walker, Reece, Lang & Breeding, P.S.C., London, for appellant.

John E. Kelsey, Louisville, for appellees.

Before GUDGEL, HUDDLESTON and McDONALD, JJ.

HUDDLESTON, Judge.

Mountain Clay, Inc. appeals from a Laurel Circuit Court order affirming a decision of the Kentucky Commission on Human Rights and its award of $1,000.00 to Anita Joan Elkins.

Because we find substantial evidence in the record to support the Commission's ruling and because we find no evidence that Mountain Clay did not receive a fair hearing, we affirm.

On September 9, 1985, Elkins and eight male employees were discharged for allegedly bringing beer onto a surface mining work site operated by Mountain Clay. Some time later, all of the male employees were reinstated to their positions, but Elkins was not. Elkins filed a complaint with the Kentucky Commission on Human Rights charging Mountain Clay with sex discrimination in violation of KRS 344.040.

Approximately four months later, Mountain Clay filed suit in Laurel Circuit Court against the Commission and Elkins seeking to enjoin the Commission from holding a scheduled hearing on Elkins' complaint. Mountain Clay also demanded that Elkins be held personally liable for all costs incurred by the corporation in defending against her action and that she be required to post a bond in an amount sufficient to cover those expenses.

Elkins filed a second complaint with the Commission claiming that Mountain Clay's lawsuit was retaliatory in violation of KRS 344.280. In it, she sought damages for the embarrassment and humiliation she suffered as a result of the lawsuit. Meanwhile, the circuit court dismissed Mountain Clay's suit as premature.

In due course, the Commission held a hearing on Elkins' retaliation complaint. It ruled in her favor and awarded her $1,000.00 for embarrassment and humiliation resulting from Mountain Clay's unlawful practice. In response, Mountain Clay sought judicial review by Laurel Circuit Court of the Commission's ruling pursuant to KRS 344.240. The circuit court affirmed the Commission's ruling and Mountain Clay appeals.

Mountain Clay first argues that the Commission's findings of fact were clearly erroneous. Specifically, it contends that there is no evidence that it had an improper motive in filing suit against Elkins and the Commission, or that Elkins suffered actionable embarrassment or humiliation as a result of that lawsuit. We disagree.

The standard which governs our review is set forth in KRS 344.240(2) which states that "the findings of fact of the commission shall be conclusive unless clearly erroneous in view of the probative and substantial evidence on the whole record." Kentucky's highest Court has said that "the test of substantiality of evidence is whether when taken alone or in the light of all the evidence it has sufficient probative value to induce conviction in the minds of reasonable men." *Kentucky State Racing Commission v. Fuller*, Ky., 481 S.W.2d 298, 308 (1972), quoting *Blankenship v. Lloyd Blankenship Coal Co.*, Ky., 463 S.W.2d 62 (1970).

KRS 344.280(1) provides that it is unlawful for a person, or for two or more persons to conspire:

> To retaliate or discriminate in any manner against a person because he has opposed a practice declared unlawful by this chapter, or because he has made a charge, filed a complaint, testified, assisted or participated in any manner in any investigation, proceeding, or hearing under this chapter.

It appears that the issue of retaliation, in this context, is one of first impression in Kentucky. Although, there are no reported Kentucky cases that address the topic, federal cases dealing with sex discrimination offer some guidance. Federal law is particularly relevant when one considers that the stated purpose of the Kentucky Civil Rights Act is "to provide for execution within the state of the policies embodied in the federal Civil Rights Act of 1964 as amended." KRS 344.020.

Under federal law, in order to prove a *prima facie* case of retaliation under Title VII of the Civil Rights Act of 1964, the employee must establish that:

(1) he was engaged in opposition to practices made unlawful by Title VII or was a participant in a Title VII proceeding

(2) his activity was protected

(3) he was subjected to adverse treatment by the employer or labor union, and

(4) there was a causal connection between his opposition or participation and the retaliation.

See *EEOC v. International Union of Operating Engineers*, 438 F.Supp. 876 (S.D.N.Y.1977); *Oshiver v. Court of Com-*

*mon Pleas,* 469 F.Supp. 645 (E.D.Pa.1979); *Whatley v. Metropolitan Atlanta Rapid Transit Authority,* 632 F.2d 1325 (5th Cir. 1980); *Mosley v. General Motors Corp.,* 497 F.Supp. 583 (E.D.Mo.1980); *Gunther v. County of Washington,* 623 F.2d 1303 (9th Cir.1979); and *Gonzalez v. Bolger,* 486 F.Supp. 595 (D.C.1980).

■ Applying these principles to the case at hand, we find that Elkins established a *prima facie* case of retaliation that is supported by substantial evidence in the record. Elkins had a statutory right under KRS 344.040 to file a sex discrimination complaint with the Kentucky Commission on Human Rights. The Commission found that at the time Mountain Clay filed its suit, it knew that Elkins was unemployed and did not have a dependable source of funds to support herself and her family. The Commission stated that Mountain Clay's only witness testified that the company's purpose in filing the action was to stop the administrative hearing from taking place, and if that failed, to force Elkins to bear the costs incurred by Mountain Clay in defending against the complaint. The Commission did not believe this testimony and found instead that Mountain Clay "sought to expose [Elkins] to fears of extreme financial hardship and to coerce her to drop or forego her claims of sex discrimination in retaliation against her for having filed her complaint."

■ There is no doubt that the Commission could have found in favor of Mountain Clay. However, in *Fuller, supra,* the Supreme Court stated that the "Commission, as trier of the facts, is afforded great latitude in its evaluation of the evidence heard and the credibility of witnesses appearing before the Commission." 481 S.W.2d at 308. Although the Court was referring to the State Racing Commission, the same rule applies to the Commission on Human Rights. Consequently, it was within the purview of the Commission to determine which witness' testimony was most plausible and to make the inference that Mountain Clay filed suit in retaliation for Elkins' discrimination complaint.

■ The Commission further found that as a result of Mountain Clay's retaliatory suit, Elkins suffered "extreme emotional distress including embarrassment and humiliation to her person." The Commission found that the suit caused an "increase in [Elkins'] eating habits and caused her to be unable to sleep." The Commission compensated her for these injuries with a $1,000.00 award.

In *Kentucky Commission on Human Rights v. Fraser,* Ky., 625 S.W.2d 852 (1981), the Supreme Court held that evidence that a worker was humiliated and hurt when she was terminated as a result of her pregnancy was sufficient to support the Commission's award of $1,000.00. The Court stated that there must be "evidence of actual humiliation and embarrassment" to support such an award. *Id.* at 856.

Evidence of actual embarrassment exists in the present case. Elkins' testimony at the hearing indicated that after hearing of Mountain Clay's lawsuit, people laughed at her, telling her that they knew "she was fighting a losing battle." When she had to acknowledge that Mountain Clay was suing her, she stated that she felt as if she had no justification for filing the discrimination case.

The Kentucky Civil Rights Act was enacted "to safeguard all individuals within the state from discrimination because of race, color, religion, national origin, sex, and age" and to "further the interest, rights and privileges of individuals within the state." KRS 344.020(b). The prohibition against employer retaliation was enacted to protect these rights. As one court has said, "retaliation, whether in the form of a subsequent discharge or court proceeding, places an added cost on the exercise of those rights and as such has a 'chilling effect.' Only by enjoining suits filed in retaliation for the exercise of protected rights can those rights be ensured." *EEOC v. Levi Strauss & Co.,* 515 F.Supp. 640, 642 (N.D.Ill.1981).

The record contains substantial evidence that supports the Commission's finding that Mountain Clay's lawsuit was retaliatory and that Elkins suffered humiliation

**398**

and embarrassment as a result. Not being clearly erroneous, these findings are considered conclusive and will not be disturbed by this Court.

Finally, Mountain Clay argues that its due process rights were violated when the Commission, which was named as an adverse party in Mountain Clay's lawsuit, administered the retaliation hearing.

There is no evidence that Mountain Clay was prejudiced by these circumstances. The record clearly indicates that the hearing officer exhibited extreme professionalism and courtesy to all parties involved in the hearing. For example, he ruled favorably on objections made by Mountain Clay's counsel and allowed him great latitude in questioning witnesses. Additionally, Mountain Clay was accorded all the procedural rights mandated by 104 KAR 1:010 *et seq.*, such as the opportunity to examine and cross-examine witnesses under oath and to introduce exhibits into evidence.

In effect, Mountain Clay is asking us to recognize a *per se* violation of due process when the Commission hears a case in which it has been named as an adverse party. If we accepted this argument, an employer who is a defendant in a civil rights action could file suit naming the Commission as an adverse party and then argue that it could not hear the action because it had been so named. This is clearly an absurdity as it would allow employers to circumvent agency hearings, resulting in a great injustice to those who have been harmed by the employer's actions.

There are built-in safeguards that insure every party to a hearing before the Commission is treated fairly. For example, a party may obtain judicial review by the appropriate circuit court as outlined in KRS 344.240(1). The circuit court's decision may then be reviewed by this Court. KRS 344.240(5). Upon review of the record, we find that Mountain Clay has not demonstrated prejudice as a result of the Commission presiding over its hearing and, therefore, its due process rights have not been violated.

Accordingly, the order from which this appeal is prosecuted is affirmed.

All concur.