**George Ann PALMER, Appellant,**

**v.**

**INTERNATIONAL ASSOCIATION OF MACHINISTS AND AEROSPACE WORKERS, AFL–CIO, Grand Lodge, International Association of Machinists and Aerospace Workers District Lodge 27, International Association of Machinists and Aerospace Workers Local Lodge 681, International Association of Machinists and Aerospace Workers Local Lodge 2409, International Association of Machinists and Aerospace Workers Local Lodge 1404, International Association of Machinists and Aerospace Workers Local Lodge 619, International Association of Machinists and Aerospace Workers Local Lodge 664, International Association of Machinists and Aerospace Workers Local Lodge 2118, Ronald B. Harsh, Individually, James B. Hinton, Individually, Appellees.**

No. 93–SC–359–DG.

Supreme Court of Kentucky.

May 26, 1994.

Rehearing Denied Sept. 29, 1994.

L. Kent Robinson, James K. Stayton, Robinson & Longmeyer, and William N. Haliday, Louisville, for appellant.

Herbert L. Segal and David W. Hupp, Segal, Isenberg, Sales, Stewart, Cutler & Tillman, Louisville, for appellees.

WINTERSHEIMER, Justice.

This appeal is from a decision of the Court of Appeals which affirmed a summary judgment of the circuit court holding that none of the appellees met the jurisdictional requirement of eight or more employees in twenty calendar weeks so as to be defined as an "employer" pursuant to KRS 344.030(2).

The principal issue is whether the summary judgment on the charge of unlawful discrimination was proper because none of the defendants qualify as an employer as defined by statute. The other issue is whether summary judgment was proper on the charge of unlawful retaliation because Palmer has not stated a cause of action so as to be able to recover damages for unlawful retaliation.

Palmer brought a discrimination suit pursuant to KRS Chapter 344, the Kentucky Civil Rights Act, and claimed that she was fired from her job as a secretary at the IAM District Lodge because she was female and because she filed a discrimination suit against the union. She claimed her existing position of secretary was abolished and she was laid off. The question is whether the IAM District Lodge was her employer, or whether she was an employee of a conglomerate made up of six local unions which comprised the district and international union of which the district and local unions are a part.

Palmer was employed as a secretary in District Lodge 27 of the IAM from 1964 until her termination in 1990. She was turned down for a position as a full time organizer in 1989, and filed a complaint alleging discrimination on the basis of sex in violation of KRS 344.040. Subsequently, she was dismissed from her secretarial position. In 1991, she filed suit against IAM District Lodge 27, and six local unions in District 27. She also named as defendants the directing business representative and the president of the district lodge alleging that they had conspired in violation of KRS 344.280(1) to retaliate against her for filing the discrimination charge by intentionally negotiating a collec-

tive bargaining agreement which provided no minimum work hours for her position and then terminating her.

The circuit court entered summary judgment dismissing her complaint and the Court of Appeals affirmed. This Court granted discretionary review because statutory construction issues of first impression are involved.

The Court of Appeals properly sustained the decision of the circuit court to grant summary judgment against Palmer on the charge of unlawful discrimination because none of the defendants qualify as an employer pursuant to the definition provided in KRS 344.030(2). At the time of her complaint, the statute was numbered KRS 344.-030(1). The statute limits the term "employer" to those persons who have at least eight employees within the State of Kentucky during each of the twenty or more calendar weeks during either the same year as the alleged unlawful discrimination or during the preceding year. Palmer sought to have all the defendants considered together as a single employer for the purpose of satisfying the statutory definition.

■ There are no Kentucky cases that directly define the term "employer" provided in the statute. KRS Chapter 344 was modeled after the Federal statute in Title VII of the Civil Rights Act of 1964, codified in 42 U.S.C. § 2000(e)(b). Several Federal jurisdictions have been faced with the same issue, that is, whether a parent company or union may be joined together with other entities or subsidiaries to meet the minimum number of employees required to constitute an employer under the statute. The Federal cases apply four factors which are: 1) interrelation of operations, 2) common management, 3) centralized control of labor relations, and 4) common ownership or financial control. *Baker v. Stuart Broadcasting Co.*, 560 F.2d 389 (8th Cir.1977); *Evans v. McDonald's Corp.*, 936 F.2d 1087 (10th Cir.1991).

■ A review of the cases indicates that the determination of what constitutes an employer is on a case-by-case basis and that the four factors noted above are applied to reach a solution. The appellees here do not neces-

sarily fit into either category, but after applying the four-pronged test, we agree with the Court of Appeals that the IAM, its district lodges and its local lodges are not one employer as contemplated by KRS 344.040(1) and 344.030(1). The single employer principle applies only where separate entities are organized or operate in such a way that they are not actually separate.

In this case, the operations of the IAM, the district lodges and the local lodges are distinct. Each unit separately conducts its daily operations and finances. There is a separate treasury for each local union and each unit is required to file separate employee and tax forms with the appropriate federal revenue department. Each entity also has its own facilities and operations. The management of each union is fundamentally different. Although the IAM has some control over its district and local lodges, can exercise authority in emergency situations, and in some instances has final approval over certain matters, the employees and officers are different and control the day-to-day operations of the local management.

*Evans v. McDonald's Corp., supra*, indicates that although McDonald's could control many aspects of the operation, it is not unusual for a franchise to be subject to those types of control. That alone was not sufficient to consider McDonald's, together with the franchisee as the plaintiff's employer.

The district and local lodges also have distinct powers over labor relations even though the IAM has final authority over strikes and some other related matters. The district and local lodges can hire and fire their own employees and the IAM constitution allows the district lodges to set up the minimum wage scale in their localities. The IAM constitution specifically states that each district or local lodge shall establish a sufficient number of business representatives so that servicing can be accomplished with a minimum of IAM assistance. The local and district lodges issue the paychecks to their own employees and Palmer testified that she worked for District Lodge 27 and not the IAM. She stated that she did not receive a paycheck from IAM.

Financial control of each union is also separate, although the district and local lodges did receive part of their annual funding from the IAM, the bulk of their funds came from other sources. Their bank accounts were maintained separately. Their own official kept their own books, conducted separate audits and made sure that the district or local lodge was complying with all federal and state regulations. We recognize that there is some control by the IAM but the situation is essentially similar to those found in *York v. Tennessee Crushed Stone Assn.*, 684 F.2d 360 (6th Cir.1982). *Webb v. American Red Cross*, 652 F.Supp. 917 (D.C.Nebraska, 1986) and *Childs v. Local 18, International Brotherhood of Electrical Workers*, 719 F.2d 1379 (9th Cir.1983), wherein the various courts found that although there was some common control, the local entities were distinct and did not constitute one employer.

We have considered the authorities cited by Palmer and find them all to be scholarly but with no persuasive effect in this case. In particular, we have determined that *EEOC v. Arlington Transit Mix, Inc.*, 734 F.Supp. 804 (E.D.Mich.1990) and *Boyd v. James S. Hayes Living Health Care Agency, Inc.*, 671 F.Supp. 1155 (W.D.Tenn.1987), are distinguishable upon their individual facts and not applicable to this case. Accordingly, neither District 27 nor the individual defendants qualifies as an employer under the statute.

Civil Rule 56.03 provides that a summary judgment should be rendered if the pleadings and all relevant discovery indicate that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. The record must be considered by the circuit judge in the light most favorable to the party opposing the motion and all doubts are to be resolved in his favor. *Steelvest, Inc. v. Scansteel Service Center, Inc.*, Ky., 807 S.W.2d 476 (1991). The trial court must grant a motion for summary judgment only if it appears that it would be impossible for the respondent to produce evidence warranting a favorable judgment against the movant. *Paintsville Hospital Co. v. Rose*, Ky., 683 S.W.2d 255 (1985).

In this case, there was no genuine issue of material fact regarding the organization of the IAM, the district lodge or the local lodges. The circuit court properly found as a matter of law that the entities were not one employer, and that District 27 was not an employer pursuant to the statute. Therefore, the decision of the Court of Appeals in that respect is affirmed.

The final question is whether the Court of Appeals committed reversible error when it held that Palmer did not have a cause of action against two individuals who, in alleged violation of KRS 344.280, conspired to retaliate or discriminate in any manner against a person who had filed a sexual discrimination lawsuit. The Court of Appeals determined that because KRS 344.990 makes a willful violation of KRS 344.280 a misdemeanor, Palmer was precluded from a civil remedy.

Such a position is in conflict with KRS 344.450 which provides a recovery in a civil action in addition to any other remedies contained in the chapter. *Mountain Clay, Inc. v. Commonwealth, Com'n on Human Rights*, Ky.App., 830 S.W.2d 395 (1992), upheld an award for civil damages based on a retaliation claim asserted pursuant to KRS 344.280.

In view of the fact that the decision of the Court of Appeals in this case conflicts with the existing case of *Mountain Clay, supra*, and fails to recognize the provision for civil remedies contained in KRS 344.450, we are obliged to reverse the decision of the Court of Appeals in respect to the retaliation claim. The decision that Palmer could not maintain an action against the two individuals under KRS 344.280 is reversed and the matter is remanded to the circuit court for determination.

It is the holding of this Court that the Court of Appeals properly sustained the decision to grant summary judgment on the charge of unlawful discrimination because none of the defendants qualify as an employer pursuant to the definition of KRS 344.-030(2). However, that part of the Court of Appeals decision which sustained summary judgment on the charge of unlawful retalia-

tion is reversed and remanded for further consideration.

REYNOLDS, J., concurs in the entire opinion.

STEPHENS, C.J., and SPAIN, J., concur in opinion except for the portion which remands the claim against Harsh and Hinton individually to the circuit court for further proceedings. They would have affirmed the trial court's summary judgment in their favor.

LAMBERT, LEIBSON and STUMBO, JJ., concur in part two of the opinion, but dissent from part one.

LAMBERT, J., dissents in part and concurs in part by separate opinion in which LEIBSON and STUMBO, JJ., join.

LAMBERT, Justice, dissenting in part and concurring in part.

I dissent from that portion of the majority opinion which holds that the district and local lodges are distinct and separate employers so as to prevent aggregating the number of their employees to satisfy the statutory requirement. From the evidence and as revealed in the majority opinion, the various entities had extensive common management and financial control, all were governed by a single constitution, funds flowed freely from one to the other, all employees were eligible to participate in a single pension plan, and in some instances, employee salary costs were shared. In my view, this is ample to satisfy the four-part test enunciated in *Baker v. Stuart Broadcasting Co.*, 560 F.2d 389 (8th Cir.1977), and *Evans v. McDonald's Corp.*, 936 F.2d 1087 (10th Cir.1991), decisions relied upon by the majority.

Rather than being separate and distinct as the majority contends, the relationship of the appellees more nearly resembles divisions within a corporation. The statute at issue here is remedial and states as its purpose "To provide for execution within the state of the policies embodied in the Federal Civil Rights Act of 1964 as amended...." It further provides as its purpose "To safeguard all individuals within the state from discrimination because of ... sex...." KRS 344.020(1)(a) and (b). The statute should be liberally construed to accomplish its stated purpose.

Except as stated herein, I concur with the majority opinion.

LEIBSON and STUMBO, JJ., join in this opinion.