**Marian Chantay OFFUTT,**
Plaintiff–Appellant,

v.

**WARREN COUNTY REGIONAL
JAIL, Defendant–Appellee.**

No. 03–6108.

United States Court of Appeals,
Sixth Circuit.

Aug. 31, 2004.

Rehearing En Banc Denied Nov. 9, 2004.

David T. Sparks, Mike Breen Attorneys at Law, Bowling Green, KY, for Plaintiff–Appellant.

John David Cole, Sr., Matthew P. Cook, Cole & Moore, Bowling Green, KY, for Defendant–Appellee.

Before: SILER and ROGERS, Circuit Judges; and CALDWELL, District Judge.*

PER CURIAM.

Defendant Warren County Regional Jail terminated plaintiff Chantay Offutt after her verbal altercation with a co-worker she was training. Offutt, who is black, sued for race discrimination and retaliation, claiming the Jail did not similarly discipline white employees. The district court granted summary judgment against Offutt, finding she failed to establish a prima facie case for either claim. We **AFFIRM**.

## FACTUAL & PROCEDURAL BACKGROUND

Offutt ran the Jail's main control console, where personnel remotely lock and unlock access doors. In June 1998, Warren County Jailer Jackie Strode met with Offutt about two sexually explicit notes addressed to an inmate. After an initial denial, Offutt admitted to authoring the notes that violated jail policy. In August, Strode met with Offutt to discuss allegations that she (1) grabbed a male coworker by the crotch or buttocks; (2) made a sexually explicit statement over the radio; and (3) rubbed her breasts against a co-worker's back.

In September, Offutt got into an argument with her trainee, Deputy James Walters. Upon returning from a break, Offutt was verbally aggressive toward Walters and insisted on knowing why Walters did not shut the door behind her. Walters responded that he did not hear her request. Offutt then yelled at Walters, prompting him to yell a profanity at Offutt as he left the room.

On September 24, Jailer Strode informed Offutt that she was demoted and would have to work two additional days without pay. When Strode asked Offutt which two days she would be working, Offutt said she would rather be suspended than work the two additional days. Strode told her that suspension was not an option

---

* The Honorable Karen K. Caldwell, United States District Judge for the Eastern District of Kentucky, sitting by designation.

and that her refusal to work the days would result in her termination. Offutt responded, "I guess that's what will happen," and the Jail terminated her. Concluding that Walters made his remarks out of frustration, Strode did not punish Walters.

Offutt thereafter sued for racial discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and the Kentucky Civil Rights Act ("KCRA"), Ky.Rev.Stat. § 344.010 *et seq.* The district court granted summary judgment for the Jail, holding that Offutt failed to establish a prima facie case for both claims. Regarding the discrimination claim, the court held that Offutt and Walters were not similarly situated. It ruled that the retaliation claim failed because her refusal to work without pay was not "protected activity" under Title VII/KCRA.

## STANDARD OF REVIEW

We review the district court's grant of summary judgment de novo, *Lautermilch v. Findlay City Schools,* 314 F.3d 271, 274 (6th Cir.2003), viewing the evidence in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *See* Fed.R.Civ.P. 56(c).

## ANALYSIS

### Did Offutt establish a prima facie case of racial employment discrimination?

■ For her racial employment discrimination claim, Offutt must show she was: (1) a member of a protected class; (2) subject to an adverse employment action; (3) qualified for the job; and (4) treated differently than similarly situated employees outside the protected class for similar conduct. *See McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). Similarly situated means employees who "have dealt with the same supervisor, have been subject to the same standards and have engaged in the same conduct without such differentiating or mitigating circumstances that would distinguish their conduct or the employer's treatment of them for it." *Mitchell v. Toledo Hospital,* 964 F.2d 577, 583 (6th Cir. 1992). The comparable employees must be similarly situated in all relevant aspects, although an exact correlation is not required. *Seay v. Tennessee Valley Authority,* 339 F.3d 454, 480 (6th Cir.2003). Offutt's claim fails because she did not identify a similarly situated employee.

Offutt asserts Deputy James Walters for a comparator. To be a comparator, Walters must "have dealt with the same supervisor, have been subject to the same standards and have engaged in the same conduct." *Mitchell,* 964 F.2d at 583. Offutt was a Sergeant/Training Officer while Walters was a Deputy. Further, because Offutt was training Walters, she performed more supervisory duties than he did. This clear division in responsibilities makes Offutt and Walters dissimilar. Also, Offutt's checkered personnel history differentiates her from Walters. *See Stotts v. Memphis Fire Dep't,* 858 F.2d 289, 299 (6th Cir.1988) (in disparate discipline cases, "an employee's prior discipline record seems likely to be a major, if not the most important factor") (citation omitted). Offutt previously admitted to writing two notes for which the Jail could have fired her, lied twice to her supervisor about being the author of the notes, and had several accusations against her of improper conduct toward co-workers. By comparison, Walters was a new hire, completing his training at the facility, and had no prior adverse personnel record. This material difference in personnel history

precludes Offutt and Walters from being comparators.

In sum, we uphold the summary judgment on the discrimination claim because Offutt failed to identify a similarly situated person.

### Did Offutt establish a prima facie case of retaliation?

█ Offutt also claims that after she refused to accept her punishment (working the two additional days at no pay), the Jail retaliated against her by terminating her employment. For a retaliation claim, Offutt must demonstrate: (1) that she engaged in an activity protected by Title VII; (2) the Jail knew about her exercise of civil rights; (3) an adverse employment action; and (4) a causal connection between the protected activity and the adverse employment action.[1] *See Nguyen v. City of Cleveland,* 229 F.3d 559, 563 (6th Cir. 2000). Offutt's claim fails because she never indicated that her opposition was based on Title VII.

Opposing a practice by the employer that is unlawful under Title VII/KCRA constitutes a "protected activity." *Johnson v. Univ. of Cincinnati,* 215 F.3d 561, 578 (6th Cir.2000). Offutt argues that her termination, resulting from her opposition to working with no pay, was racially motivated. All that is required is that Offutt reasonably believe that she was opposing a racially discriminatory employment practice, not that the Jail's employment practice offend Title VII. *See Johnson,* 215 F.3d at 579–80. Here, Offutt appears to have manufactured her belief that the Jail's punishment violated Title VII for litigation purposes after the fact. She never alluded to any evidence that her punishment was racially motivated. As the district court observed, "her contention throughout has been that she could not be required to work 'for free,' not that this work requirement was impermissibly imposed because of her race." Even now, she focuses her appeal on the Thirteenth Amendment and the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.,* not on Title VII. *See Warren v. Ohio Dept. of Public Safety,* 24 Fed.Appx. 259, 264–65 (6th Cir. 2001) (holding retaliation requires opposition to unlawful employment practice under Title VII, not just allegations of unlawful employment practice). Thus, while the Jail's punishment may have been unlawful under another statute, Offutt produced no evidence that she reasonably believed she was opposing racial discrimination protected by Title VII.

Even if we concluded Offutt possessed a reasonable belief that she was opposing unlawful employment activity based on racial discrimination under Title VII, her argument fails because she never indicated to the Jail that her opposition was based on racial discrimination. Thus, the Jail did not know she was exercising her civil rights (element 2). Moreover, without knowledge that she was exercising her Title VII right to oppose racial discrimination, the Jail's decision to fire her could not be causally connected to her exercising her Title VII right (element 4). Therefore, because she did not indicate to the Jail that her opposition was based on her belief that the Jail's punishment was racially motivated, she failed to establish a prima facie case of retaliation.

**AFFIRMED.**

---

1. Retaliation claims under the Kentucky Civil Rights Act are interpreted the same way as Title VII retaliation claims. *Mountain Clay,* *Inc. v. Comm'n on Human Rts.,* 830 S.W.2d 395, 396 (Ky.App.1992).