**Robert PRICKETT, Appellant**

v.

**COMMONWEALTH of Kentucky, Appellee.**

No. 2013–CA–000027–MR.

Court of Appeals of Kentucky.

Nov. 22, 2013.

Rehearing Denied Jan. 27, 2014.

J. David Niehaus, Office of the Louisville Metro, Public Defender, Louisville, KY, for appellant.

Susan Roncarti Lenz, Assistant Attorney General, Frankfort, KY, Jack Conway, Attorney General of Kentucky, for appellee.

Before CAPERTON, TAYLOR and THOMPSON, Judges.

## OPINION

THOMPSON, Judge:

Following a jury trial, Robert Prickett was found guilty of criminal facilitation to manufacturing methamphetamine, fourth-degree controlled substances endangerment to a child, illegal use or possession of drug paraphernalia, and being a second-degree persistent felony offender. He was sentenced in accordance with the jury's recommendation to an enhanced sentence of fifteen-years' imprisonment. On appeal, Prickett contends KRS 29A.290(2), requiring the Kentucky Supreme Court to establish the number of peremptory challenges to which parties are entitled is an unconstitutional delegation of legislative authority in violation of Section 28 of the Kentucky Constitution. The Commonwealth contends because Prickett did not present the issue to the trial court and the Attorney General was not notified of the constitutional challenge before the entry of final judgment, he is precluded from presenting the issue on appeal. Based on controlling precedent, we agree with the Commonwealth and affirm.

■ Kentucky Rules of Civil Procedure (CR) 24.03 states: "When the constitutionality of an act of the General Assembly affecting the public interest is drawn into question in any action, the movant shall serve a copy of the pleading, motion or other paper first raising the challenge upon the Attorney General." KRS 418.075(1) provides:

In any proceeding which involves the validity of a statute, the Attorney Gener-

al of the state shall, before judgment is entered, be served with a copy of the petition, and shall be entitled to be heard, and if the ordinance or franchise is alleged to be unconstitutional, the Attorney General of the state shall also be served with a copy of the petition and be entitled to be heard.

Despite that the notification rule appears "in an awkward place in the civil rules and in a statute concerning declaratory judgments[,]" notification to the Attorney General is required whenever the constitutionality of a statute is challenged. *Brashars v. Commonwealth*, 25 S.W.3d 58, 65 (Ky. 2000). The notice requirement applies to "criminal, as well as civil, actions." *Jacobs v. Commonwealth*, 947 S.W.2d 416, 419 (Ky.App.1997).

In *Benet v. Commonwealth*, 253 S.W.3d 528, 532 (Ky.2008), the Court held "strict compliance with the notification provisions of KRS 418.075 is mandatory[.]" It noted it consistently "refused to address arguments that a statute is unconstitutional unless the notice provisions of KRS 418.075 had been fully satisfied." *Id.* Adhering to its view that strict compliance with the statute is required in all cases, the Court rejected the contention filing an appellate brief when the Commonwealth is a party represented by the Attorney General met the statute's requirements. It held: "Because the plain language of KRS 418.075 requires notice be given to the Attorney General prior to the entry of judgment, we reject any contention that merely filing an appellate brief, which necessarily occurs post-judgment, satisfies the clear requirements of KRS 418.075." *Id.*

■ We are bound to follow the dictates of published opinions of our Supreme Court and, with some reluctance, do so in this case. Consequently, on the basis Prickett failed to notify the Attorney Gen-

eral in the trial court, we must affirm. However, we note that in an unpublished memorandum opinion, *Owens v. Commonwealth*, 2006–SC–000713–MR, 2008 WL 466132 (Ky.2008), our Supreme Court expressed a view contrary to *Benet* and one we believe sound. In that case, our Supreme Court did not overlook KRS 418.075(2) and its application to appeals:

> We are persuaded that the requirements of KRS 418.075(2) have been satisfied in this instance. Relating specifically to appeals before the Court of Appeals and this Court, the statute requires that "the Attorney General shall, before the filing of the appellant's brief, be served with a copy of the pleading, paper, or other documents which initiate the appeal in the appellate forum." KRS 418.075(2). Here, this requirement has been met, as the Attorney General represents the Commonwealth-a party to the appeal-and, therefore, is served with all documents in the matter. More importantly, the underlying intent and purpose of the notification statute has been satisfied, as the Attorney General's right to be heard on the constitutional validity of the statute has not been infringed upon.

*Id.* at *2. The Court cautioned its holding applied only in criminal cases where the Commonwealth is represented by the Attorney General and the constitutionality of a statute is presented for the first time on direct appeal. Additionally, it emphasized any challenge not presented to the trial court would be subject to review only if the Court determines it is warranted pursuant to Kentucky Rules of Criminal Procedure (RCr) 10.26. *Id.* at *2–3.

Any ambiguity created by *Owens* was clarified when three months later, the Court published *Benet* and made clear the Attorney General must be notified of a constitutional challenge to a statute prior the entry of the trial court's final judgment. Despite our agreement with the view expressed in *Owens*, this Court is without authority to deviate with that expressed by our Supreme Court in its published opinions.

Based on the foregoing, the judgment of the Jefferson Circuit Court is affirmed.

CAPERTON, Judge, Concurs.

TAYLOR, Judge, Concurs in Result Only.