Carolyn BREEDLOVE, Appellant

v.

SMITH CUSTOM HOMES, INC.; John Smith; Mark Armstrong; and Trina Armstrong, Appellees

NO. 2016-CA-000173-MR

Court of Appeals of Kentucky.

SEPTEMBER 22, 2017; 10:00 A.M.

---

BRIEF FOR APPELLANT: Brooks Stumbo, Richmond, Kentucky.

BRIEF FOR APPELLEES MARK AND TRINA ARMSTRONG: Donald Killian Brown, Jeri Barclay Poppe, Louisville, Kentucky.

BRIEF FOR APPELLEES SMITH CUSTOM HOMES, INC., AND JOHN SMITH: Jon A. Woodall, Brendan R. Yates, Jason R. Hollon, Lexington, Kentucky.

BEFORE: JONES, J. LAMBERT, AND MAZE, JUDGES.

## OPINION

LAMBERT, J., JUDGE:

Carolyn Breedlove has appealed from the order of the Fayette Circuit Court granting summary judgment and dismissing her complaint as well as from the order denying her motion to alter, amend or vacate that order. Finding no error in the circuit court's orders, we affirm.

On March 11, 2014, Breedlove filed a complaint with the Fayette Circuit Court in which she sought damages for personal injuries she sustained in June 2013 when she fell off the front porch of a Lexington residence on Belmere Drive owned by Mark and Trina Armstrong. Breedlove

was at the Armstrongs' residence to perform work for them through her employment at a moving company. As defendants, she named the Armstrongs as well Smith Custom Homes, Inc., the company she alleged built the home in 2002. She alleged that Smith Custom Homes was negligent in designing and/or building the home, which caused the entryway to the home to be in an unsafe condition and led to her injury, and that the Armstrongs were negligent in maintaining the home, causing the entryway to be in an unsafe condition. She sought damages for medical expenses, lost wages, future impairment to earn money, and pain and suffering. The court later permitted Breedlove to file an amended complaint to add John Smith as a defendant. As with Smith Custom Homes, she alleged that Smith was negligent in designing and/or building the Armstrongs' home. The defendants filed answers seeking dismissal of the complaint, and discovery commenced.

In January 2015, the Armstrongs filed a motion for summary judgment, arguing that there were no issues of material fact to be decided and that they were entitled to a judgment as a matter of law. In the attached memorandum, the Armstrongs explained that the entryway to the house is made up of three concrete steps. On the day of her injury, Breedlove walked up the steps to the front door, spoke with Trina in the doorway, and turned to walk down the steps. At that point, Breedlove fell from the top step and landed on the sidewalk. Breedlove stated in her deposition that her foot bumped into the top step when she was walking toward the front door. She had expected the surface to be flat. As she was preparing to walk back to her car in the driveway, she fell. The Armstrongs asserted that Breedlove had failed to introduce evidence to establish that an unreasonably dangerous condition existed that caused her injury or that any actions or inaction by them caused her injury, meaning that they had not breached their duty.

Breedlove objected to the motion, arguing that she had introduced sufficient evidence to defeat the Armstrongs' motion and that a question of material fact existed regarding whether the residence was unsafe and, if so, whether the Armstrongs had been negligent in maintaining it. In support of her argument, Breedlove relied upon the report of her expert, certified home inspector John Bain. Mr. Bain determined that the landing did not meet the requirements of the applicable building code. She also argued that discovery had not yet been completed. In a separate filing, Breedlove made a preliminary expert disclosure pursuant to Kentucky Rules of Civil Procedure (CR) 26, identifying Mr. Bain as an expert and detailing the results of his inspection of the Armstrongs' Belmere Drive residence.

In July 2015, Breedlove filed a motion for summary judgment against Smith and Smith Custom Homes on her claim for negligent construction. She argued that they ignored the applicable building code in effect in 2002 when the residence was constructed and built the landing on the front porch smaller than called for by the code, which constituted a trip hazard.

Smith and Smith Custom Homes filed a response in opposition to Breedlove's motion and their own cross-motion for summary judgment. They argued that Smith Custom Homes did not build the Belmere Drive home and that Breedlove had not established that the alleged building code violation was the proximate cause of her injuries under a negligence *per se* theory. In addition, Smith and Smith Custom Homes moved for leave to file an amended answer and cross-claim against the Armstrongs for contribution and indemnification.

In August 2015, the Armstrongs moved for leave to file a cross-claim against Smith Custom Homes to allege a claim for contribution and indemnification against it. The circuit court granted the motion on August 21, 2015.

Later that month, the Armstrongs moved for summary judgment against Breedlove and co-defendants Smith and Smith Custom Homes. Regarding Breedlove, they argued that the top step was not an unreasonable risk based upon two passed home inspections and the issuance of a final certificate of occupancy by the city and that the condition was open and obvious. Regarding their co-defendants, the Armstrongs argued that Smith and Smith Custom Homes' claims for contribution and indemnification must fail as a matter of law. Various responses were filed to the pending motions, raising such defenses as statute of limitations violations. In October 2015, Breedlove filed a motion to amend her complaint to add a claim for negligence *per se* against Smith and Smith Custom Homes based upon the finding of a building code violation.

On November 3, 2015, following a hearing the previous month,[1] the circuit court entered an order ruling on the pending motions. The court granted Breedlove's motion to amend her complaint to add a claim for negligence *per se* against Smith and Smith Custom Homes; denied Breedlove's motion for summary judgment against the four defendants; found that the Armstrongs had not breached the duty of ordinary and reasonable care owed to Breedlove regarding maintenance of the house; granted the Armstrongs' motion for summary judgment against Breedlove; denied the Armstrongs' motion for summary judgment against Smith and Smith Cus-

tom Homes as moot; found that Breedlove's general negligence and negligence *per se* claims against Smith and Smith Custom Homes were barred by the applicable statutes of limitations found in Kentucky Revised Statutes (KRS) 413.120(13) and KRS 198B.130; and granted Smith and Smith Custom Homes' cross-motion for summary judgment against Breedlove. As a result, the circuit court dismissed, with prejudice, all of Breedlove's claims against the Armstrongs, Smith, and Smith Custom Homes.

Breedlove moved the court to alter, amend, or vacate its order pursuant to CR 59.05, specifically as to the application of the statutes of limitations and seeking a finding as to whether the condition of the landing was latent or non-latent. Following a brief hearing, the circuit court denied Breedlove's motion by order entered January 12, 2016, and made a finding that the landing's defect was non-latent. This appeal now follows.

On appeal, Breedlove raises several arguments. She asserts that the holding in *Saylor v. Hall*, 497 S.W.2d 218 (Ky. 1973), should apply in this case; that if *Saylor* is distinguishable, the circuit court erred in determining that the defect was non-latent; that the circuit court erred in holding that the Armstrongs did not breach their duty of ordinary and reasonable care in maintaining the residence; and that the circuit court improperly applied the limitations period as set forth in KRS 198B.130.

Our standard of review in an appeal from a summary judgment is well-settled in the Commonwealth. "The standard of review on appeal when a trial court grants a motion for summary judgment is 'whether the trial court correctly found that

---

1. The recording of the October 13, 2015, hearing was not included in the certified record.

there were no genuine issues as to any material fact and that the moving party was entitled to judgment as a matter of law.'" *Lewis v. B & R Corp.*, 56 S.W.3d 432, 436 (Ky. App. 2001) (citing *Scifres v. Kraft*, 916 S.W.2d 779, 781 (Ky. App. 1996)); *Palmer v. International Ass'n of Machinists & Aerospace Workers*, 882 S.W.2d 117, 120 (Ky. 1994); CR 56.03. "Because summary judgment involves only legal questions and the existence of any disputed material issues of fact, an appellate court need not defer to the trial court's decision and will review the issue *de novo*." *Lewis*, 56 S.W.3d at 436 (citing *Scifres*, 916 S.W.2d at 781); *Estate of Wheeler v. Veal Realtors and Auctioneers, Inc.*, 997 S.W.2d 497, 498 (Ky. App. 1999); *Morton v. Bank of the Bluegrass and Trust Co.*, 18 S.W.3d 353, 358 (Ky. App. 1999). The parties appear to agree that there are no disputed issues of material fact, and therefore we shall review the circuit court's legal rulings *de novo*.

Breedlove's first argument addresses when the statute of limitations as set forth in KRS 413.120 began to run on her claim for negligent construction or design. KRS 413.120 provides that actions listed in the statute must be "commenced within five (5) years after the cause of action accrued[.]" Section 13 includes "[a]n action for personal injuries suffered by any person against the builder of a home or other improvements." The subsection goes on to state that "[t]his cause of action shall be deemed to accrue at the time of original occupancy of the improvements which the builder caused to be erected." The evidence in this case establishes that the Belmere Drive residence was built in 2002, meaning that the statute of limitations would have expired in 2007. Breedlove was not injured until 2013, and she did not file her complaint until 2014.

In support of her argument to change the accrual date of the statute of limitations period to the date of her injury and thereby make her complaint timely, Breedlove relies upon the former Kentucky Court of Appeals' opinion in *Saylor v. Hall*, supra. In *Saylor*, the Court addressed the constitutionality of the then-current limitations provision (KRS 413.120(14), now KRS 413.120(13)) and KRS 413.135 in relation to a claim for personal injuries arising from the allegedly negligent construction of a residence in 1955, which included a fireplace that collapsed fourteen years later, killing one child and injuring another. Relying upon §§ 14, 54, and 241 of the Kentucky Constitution, the Court found the two statutes could not constitutionally be applied to the factual situation before it and held as follows:

> We are satisfied that, under the precise facts of this case, the builder at that time was at the least subject to liability to third parties for negligent construction, though completed and accepted, that created a latent defect in a stone mantel and fireplace in a home where innocent third parties on the property could foreseeably be injured by such dangerous and concealed condition. Therefore, we hold that there was an existing right of action in this state for the type of negligence claimed in this lawsuit when the questioned statutes were enacted.

*Saylor v. Hall*, 497 S.W.2d at 224.

Here, Breedlove makes a similar argument that, for the same reasons expressed in *Saylor v. Hall*, KRS 413.120(13) should not be applied to bar her claims. First, and as she expected, we hold that *Saylor v. Hall* is distinguishable from the present case because it involved a latent defect, not a non-latent defect as the circuit court found in the present case, and

the *Saylor* Court specifically narrowed its holding to the facts of that case. Second, we are precluded from considering Breedlove's constitutional challenge to KRS 413.120(13) because she did not notify the Attorney General as she is required to do in such instances. *See* KRS 418.075(2) ("In any appeal to the Kentucky Court of Appeals or Supreme Court or the federal appellate courts in any forum which involves the constitutional validity of a statute, the Attorney General shall, before the filing of the appellant's brief, be served with a copy of the pleading, paper, or other documents which initiate the appeal in the appellate forum. This notice shall specify the challenged statute and the nature of the alleged constitutional defect."); CR 24.03 ("When the constitutionality of an act of the General Assembly affecting the public interest is drawn into question in any action, the movant shall serve a copy of the pleading, motion or other paper first raising the challenge upon the Attorney General."). *See also Prickett v. Commonwealth*, 427 S.W.3d 812 (Ky. App. 2013). Accordingly, we find no merit in this argument.

■ Next, Breedlove argues that the circuit court erred in finding that the condition of the porch was a non-latent defect, or in other words, it was open and obvious. Rather, she argues that the condition was latent. "A latent defect is one that existed undiscovered at the time of manufacture." *Ostendorf v. Clark Equipment Co.*, 122 S.W.3d 530, 536 (Ky. 2003). In contrast, an obvious condition "is defined as meaning that both the condition and the risk are apparent to and would be recognized by a reasonable man in the position of the visitor exercising ordinary perception, intelligence and judgment[.]" *Reece v. Dixie Warehouse and Cartage Co.*, 188 S.W.3d 440, 450 (Ky. App. 2006) (citing *Bonn v. Sears, Roebuck & Co.*, 440

S.W.2d 526, 529 (Ky. 1969)) (internal quotation marks omitted). We must agree with Smith and Smith Custom Homes that the condition of the porch was non-latent, as the circuit court held. Breedlove admitted that she was aware of the step on the landing and even caught her foot on it as she was approaching the front door of the Armstrongs' residence. Accordingly, we hold that Breedlove's case does not come under the purview of *Saylor v. Hall, supra*, and that, therefore, her claim for negligent design and construction against Smith and Smith Custom Homes must fail because the statute of limitations expired before she filed her complaint.

■ Next, we shall consider Breedlove's argument that the circuit court erred in dismissing her negligence *per se* claims based upon violation of the applicable building code against the same parties pursuant to KRS 198B.130. That statute provides, in relevant part, as follows:

(1) Notwithstanding any other remedies available, any person or party, in an individual capacity or on behalf of a class of persons or parties, damaged as a result of a violation of this chapter or the Uniform State Building Code, has a cause of action in any court of competent jurisdiction against the person or party who committed the violation. An award may include damages and the cost of litigation, including reasonable attorney's fees.

(2) Any action based upon a claim of violation of this section shall be brought within one (1) year of the date on which the damage is discovered or in the exercise of reasonable diligence could have been discovered. However, in no event shall an action be brought under this section more than ten (10) years after the date of first occupation or settlement date, whichever is sooner.

Applying this statute, the statute of limitations began to run on the date of first occupation in July 2003, making Breedlove's complaint untimely because it was filed in 2014.

Breedlove contends that KRS 198B.130 does not apply in her case because she was seeking damages for personal injury, not property damages. Smith and Smith Custom Homes assert that Breedlove was asserting a claim for a building code violation, which is what the statute addresses, and that the statute does not specify the types of damages it covers. But as Breedlove states in her brief, Smith and Smith Custom Homes appear to have conceded that KRS 198B.130 is intended to apply to property damage rather than to personal injury. However, that is immaterial to our analysis, as Breedlove's negligence *per se* claim for a building code violation arises under this statute, and based upon KRS 198B.130(2), that claim is barred by the statute of limitations.

Finally, we shall address Breedlove's argument that the circuit court erred in finding that the Armstrongs had not breached their duty of care. We agree with the circuit court that the Armstrongs did not breach their duty to Breedlove.

In *Shelton v. Kentucky Easter Seals Society, Inc.*, 413 S.W.3d 901 (Ky. 2013), and *Dick's Sporting Goods, Inc. v. Webb*, 413 S.W.3d 891 (Ky. 2013), the Supreme Court of Kentucky extensively addressed and clarified the law controlling premises liability. In *Webb*, the Court addressed a situation where the condition was not open or obvious and utilized general negligence principles in its analysis.

> Generally speaking, a landowner is not exempt from the overarching duty of reasonable care that pervades our negligence law. "The concept of liability for negligence expresses a universal duty owed by all to all." And "every person owes a duty to every other person to exercise ordinary care in his activities to prevent foreseeable injury." "A customer of a store, when on that part of the premises where customers are expected to go, is an invitee." More specifically with regard to the invitees, we have routinely held that "landowners owe a duty to invitees to discover unreasonably dangerous conditions on the land and either correct them or warn of them." Of course, possessors are not required to ensure the safety of individuals invited onto their land; but possessors of land are required to maintain the premises in a reasonably safe condition.

> As *McIntosh* makes clear, Dick's Sporting Goods, as a possessor of land, has a duty to maintain reasonably safe premises for its patrons. This duty involves the responsibility to "discover unreasonably dangerous conditions on the land and either correct them or warn of them." .... But when the condition is neither *known* nor *obvious* to the invitee, as previously determined, the full weight of the duty to maintain reasonably safe premises remains. Accordingly, with no *known* or *obvious* danger present, a landowner owes a duty of reasonable care to those individuals invited onto the landowner's property, and the landowner must inform invitees of or eliminate any unreasonable dangers that would otherwise be undetected.

*Webb*, 413 S.W.3d at 897-98 (footnotes omitted). In *Shelton*, the Court addressed open and obvious conditions, which it defined as follows:

> An open and obvious condition is one in which the danger is known or obvious. The plaintiff knows of a condition when she is aware, "not only ... of the existence of the condition or activity itself, but also appreciate[s] ... the danger it involves." And the condition is *obvious*

when "both the condition and the risk are apparent to and would be recognized by a reasonable man, in the position of the visitor, exercising ordinary perception, intelligence, and judgment."

413 S.W.3d at 906 (footnotes omitted).

The *Shelton* Court shifted "the focus away from duty to the question of whether the defendant has fulfilled the relevant standard of care." *Id.* at 910. Applying the Restatement (Second) of Torts Section 343A, the Court explained: "Section 343A suspends liability when the danger is known or obvious to the invitee, *unless* the invitor should anticipate or foresee harm resulting from the condition despite its obviousness or despite the invitee's knowledge of the condition." *Id.* at 911. If a landowner has fulfilled his duty of care, only then will he be shielded from liability for an open and obvious condition: "No liability is imposed when the defendant is deemed to have acted reasonably under the given circumstances." *Id.* After noting that a landowner has a duty to an invitee to either eliminate or warn of unreasonable risks of harm, the Court explained:

An unreasonable risk is one that is "recognized by a reasonable person in similar circumstances as a risk that should be avoided or minimized" or one that is "in fact recognized as such by the particular defendant." . . . . But when a condition creates an unreasonable risk, that is when a defendant "should anticipate that the dangerous condition will cause physical harm to the invitee notwithstanding its known or obvious danger[,]" liability may be imposed on the defendant as a breach of the requisite duty to the invitee depending on the circumstances.

*Id.* at 914 (footnotes omitted).

■ Breedlove argues that the circuit court could not hold that the Armstrongs satisfied their duty of care by maintaining the premises in a reasonably safe condition when they did not know about the defect on the porch and, at the same time, hold that the condition was non-latent. The appellees point out that the question is whether the condition of the steps was open and obvious, and whether a reasonable person would have recognized the condition, not whether the steps constituted an open and obvious hazard. Breedlove herself admitted to encountering a problem with the top step when her foot caught on it as she approached the front door, meaning that she was certainly aware of the condition of the step. And there is no evidence that the Armstrongs knew the steps did not comply with the building code based upon the home inspections issuance of the certificate of occupancy, that they created an unsafe condition, or that the steps constituted an unreasonable risk of which Breedlove should have been warned as an invitee. Therefore, as a matter of law, the circuit court did not err in holding that the Armstrongs did not breach any duty to Breedlove with respect to the condition of the porch and properly granted the Armstrongs' motion for summary judgment.

For the foregoing reasons, the orders of the Fayette Circuit Court are affirmed.

JONES, JUDGE, CONCURS.

MAZE, JUDGE, CONCURS IN RESULT ONLY.