**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 24, 2021**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

PEDRO REYES; TERESITA REYES,

    Plaintiffs - Appellants,

v.

JEFF JENSEN; GARY GERRARD;
LARIMER COUNTY COMMUNITY
PLANNING DEPARTMENT,

    Defendants - Appellees.

No. 20-1247
(D.C. No. 1:18-CV-03115-STV)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MATHESON**, **BRISCOE**, and **CARSON**, Circuit Judges.
_____

Husband and wife Pedro Reyes and Teresita Reyes, appearing pro se, appeal

the district court's grant of summary judgment[1] in favor of defendants Jeff Jensen,

Gary Gerrard, and the Larimer County Community Planning Department ("Planning

_____

[*] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] The parties consented to the jurisdiction of the magistrate judge pursuant to 28 U.S.C. § 636(c) thereby permitting the magistrate judge to adjudicate the case on behalf of the district court, including entry of final judgment.

Commission")[2] on their claims under Title II of the Americans with Disabilities Act ("ADA") and due process under 42 U.S.C. § 1983. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm for the reasons set forth in the district court's thorough and well-reasoned order dated June 19, 2020.

## I. BACKGROUND

This case arose out of events at a public hearing before the Planning Commission on August 15, 2018. Loveland Ready-Mix Concrete, Inc. ("Ready Mix") applied to the Larimer County Community Development Department for a special-review permit to operate a gravel mine near Laporte, Colorado. As part of the permitting process, Ready Mix was required to present its application to the Planning Commission at a public hearing, after which the Commission would make a recommendation to the Larimer Board of County Commissioners ("Board of Commissioners") to approve the application (with or without conditions) or deny it.

The first public hearing took place on August 15. The hearing was advertised in advance, video recorded, and televised to the local government channel. At the time of the hearing, Mr. Jensen was the Chair of the Planning Commission and Mr. Gerrard was the Vice-Chair. Mr. Reyes and Ms. Reyes attended the August 15 hearing, and each signed up to speak regarding Ready Mix's application. At the outset, Mr. Jensen explained the procedures that would apply at the hearing,

---

[2] Although the caption of the operative complaint refers to the "Larimer County Community Planning Department," R., Vol. I at 95 (capitalization normalized), the allegations in the body of the complaint concern the Planning Commission, *see id.* at 95-130.

2

including that each person who signed up to speak would be allowed two minutes to testify and if the hearing was not concluded by 10:00 p.m., it would continue the following week on August 22.

Ready Mix made its presentation and Mr. Jensen then called on the individuals who had signed up to speak. When Ms. Reyes's name was called, she got up and began speaking; but when her comments exceeded the two-minute limit, Mr. Jensen reminded her three times that her time had expired. Mr. Jensen then called the next speaker—Mr. Reyes—who asked twice, "Can I give my time to her?" referring to his wife. R., Vol. 2 at 44 (alteration and internal quotation marks omitted). When Mr. Gerrard explained to Mr. Jensen that Mr. Reyes was asking to give his time to his wife, Mr. Jensen told Mr. Reyes, "No, sir. You cannot do that. You're welcome to come and speak if you'd like." *Id.* at 45-46 (internal quotation marks omitted). Mr. Reyes responded, "No. Thank you." *Id.* at 46 (internal quotation marks omitted).

Neither Mr. Reyes nor Ms. Reyes informed the Planning Commission, either prior to or during the hearing, that Mr. Reyes was disabled and required an accommodation to deliver his comments. Moreover, there was nothing obvious about Mr. Reyes's speech or appearance that would cause either Mr. Jensen or Mr. Gerrard to believe that he was disabled.

When the second hearing reconvened on August 22, Mr. Jensen invited any members of the public who had not yet spoken on the application to make their comments. Apparently, Mr. Reyes was not in attendance, or if he was, he did not make his presence known to the Planning Commission. At no time after the August

3

15 hearing, did either Mr. Reyes or Ms. Reyes contact staff to inform them that Mr. Reyes was disabled and that they should take steps to determine how he might provide his testimony on August 22. Instead, they filed suit in the United States District Court for the District of Colorado.

In a March 21, 2019 order, the district court dismissed several of Mr. Reyes's claims as legally frivolous. It also found that the complaint stated no facts to support a claim by Ms. Reyes under either Title II or § 1983 and dismissed Ms. Reyes from the case entirely. As a result, at the time of summary judgment, Mr. Reyes's remaining claims were against (1) the Planning Commission, and Mr. Jensen and Mr. Gerrard, in their official capacities, under Title II, and (2) Mr. Jensen, in his individual capacity, under § 1983. The district court granted defendants' motion for summary judgment. This appeal followed.

## II. THE MARCH 21 ORDER

Before we address the merits, we note that Ms. Reyes has included herself as a party to the appeal, which suggests she disagrees with the district court's March 21 order that dismissed her from the case. But Ms. Reyes does not mention the order or the grounds on which she was dismissed. Rather, her appeal rests on the bald statement that Mr. Reyes's claims belong to her because they function as a single economic unit. *See* Aplt. Opening Br. at 16 ("Pedro's loss of the right to protest a perceived threat to his health, safety and property interest **is also Teresita's loss**, being that, as Pedro's spouse, Teresita shared [an] interchangeable economic interest,

4

in the conjugal property, that the Defendants had denied . . . Pedro . . . the opportunity to protect.").

Ms. Reyes's failure to support this statement with any legal authority means she has waived an appellate challenge to the order. "Although a pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers, this court has repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (brackets, citation, and internal quotation marks omitted). Those rules include Federal Rule of Appellate Procedure 28(a)(8)(A), which requires an appellant to include in her brief "appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies."

Therefore, when an issue is not adequately briefed, it will be deemed waived. *See Garrett*, 425 F.3d at 841 ("When a pro se litigant fails to comply with [Rule 28(a)(8)(A)], we cannot fill the void by crafting arguments and performing the necessary legal research." (brackets and internal quotation marks omitted)). *See also Holmes v. Colo. Coal. for the Homeless Long Term Disability Plan*, 762 F.3d 1195, 1199 (10th Cir. 2014) (declining to consider arguments on appeal that were inadequately briefed); *Murrell v. Shalala*, 43 F.3d 1388, 1389 n.2 (10th Cir. 1994) (declining to consider "a few scattered statements" and "perfunctory" arguments that failed to develop an issue).

And because Mr. Reyes also fails to address the grounds on which the district court dismissed several of his claims as legally frivolous, he has likewise waived an appellate challenge to the March 21 order.

## III. DISCUSSION

### A. *Standard of Review*

"We review a grant of summary judgment de novo." *J.V. v. Albuquerque Pub. Schs.*, 813 F.3d 1289, 1294 (10th Cir. 2016). "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

### B. *Title II*

#### 1. <u>*Proper Defendant*</u>

We first address whether the Planning Commission is a proper defendant. It is not. "[T]he proper defendant under a Title II claim is the public entity or an official acting in his official capacity." *Everson v. Leis*, 556 F.3d 484, 501 n.7 (6th Cir. 2009). Under Colorado law, if the public entity is a branch of the county, the plaintiff is required to bring an action against a county in the name of the board of county commissioners. *See Gonzales v. Martinez*, 403 F.3d 1179, 1182 n.7 (10th Cir. 2005) (citing Colo. Rev. Stat. § 30-11-105). As a result, the district court properly dismissed the Planning Commission.

But we also agree with the district court that Mr. Reyes's failure to name the Board of Commissioners as a defendant was not fatal because he accomplished the same objective when he named as defendants, Mr. Jensen and Mr. Gerrard, in their

6

official capacities. *See, e.g.*, *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978) ("[O]fficial capacity suits . . . represent only another way of pleading an action against an entity of which an officer is an agent."). We now turn to the merits.

**2. *Discrimination***

"To state a claim under Title II [of the ADA], the plaintiff must allege that (1) he is a qualified individual with a disability, (2) who was excluded from participation in or denied the benefits of a public entity's services, programs, or activities, and (3) such exclusion, denial of benefits, or discrimination was by reason of a disability." *Robertson v. Las Animas Cnty. Sheriff's Dep't*, 500 F.3d 1185, 1193 (10th Cir. 2007) (citing 42 U.S.C. § 12132). There are two types of claims under § 12132: "(1) exclusion from or denial of benefits and (2) discrimination." *J.V.*, 813 F.3d at 1295. Under either theory, a plaintiff is required to prove "the foregoing three elements, including . . . that any denial of benefits or discrimination was *by reason of the plaintiff's disability*." *Id.* (internal quotation marks omitted) (emphasis added). In turn, "[c]ourts have recognized three ways to establish a discrimination claim: (1) intentional discrimination (disparate treatment); (2) disparate impact; and (3) failure to make a reasonable accommodation." *Id.*

For his Title II claim, Mr. Reyes sued for intentional discrimination when Mr. Jensen and Mr. Gerrard prevented him from speaking at the August 15 hearing, and failure to accommodate when Mr. Jensen refused to allow him to give his speaking time to Ms. Reyes.

7

### a. *Disability*

To meet the first prong under § 12132, a plaintiff must show that he (1) has a physical or mental impairment that substantially limits one or more major life activities; (2) has a record of such an impairment; or (3) is regarded as having such an impairment. *See* 42 U.S.C. § 12102(1)(A)-(C). According to Mr. Reyes, he was disabled and unable to speak at the hearing because he suffers from impaired hearing, poor vision, and has a limited understanding of the English language.

The district court found that the inability to speak English is not a disability under the ADA. *See* R., Vol. II at 295 (citing § 12102). And although the court noted the "lack of [any] evidence as to the nature and extent of [Mr. Reyes's] hearing impairment and poor vision," it "assume[d] for purposes of [summary judgment] that [Mr. Reyes] has a qualified disability." *Id.* We do the same.

### b. *Intentional Discrimination*

The district court found the following facts, which we agree entitled Mr. Jensen and Mr. Gerrard to summary judgment for intentional discrimination. "[T]he undisputed facts demonstrate that [Mr. Reyes] was not excluded from the [August 15] hearing." *Id.* "After [Mr. Reyes] was told that he could not give his speaking time to [his wife], Mr. Jensen [invited Mr. Reyes to speak] . . . [and he] responded, "No. Thank you." *Id.* (citation omitted). "Moreover, the undisputed facts demonstrate that Mr. Jensen and Mr. Gerrard did not act, and could not have acted, *by reason of* [Mr. Reyes's] purported disability, because they had no knowledge of his disability." *Id.* (internal quotation marks omitted) (emphasis added). "Instead,

8

Mr. Jensen and Mr. Gerrard were enforcing the Planning Commission's rule, applicable to all participants, that speakers could not defer their speaking time to others." *Id.* at 296.

### c. *Failure to Accommodate*

Applicable ADA regulations require public entities to "make reasonable modifications in policies, practices, or procedures when the modifications are necessary to avoid discrimination on the basis of disability." 28 C.F.R. § 35.130(b)(7)(i). "As a result, we require public entities to provide reasonable accommodations to disabled persons." *J.V.*, 813 F.3d at 1299.

"A public entity must provide a reasonable accommodation under the ADA when it knows that the individual is disabled and requires an accommodation of some kind to participate in or receive the benefits of its services." *Id.* (internal quotation marks omitted). "A public entity is on notice that an individual needs an accommodation when it knows that an individual requires one, either because that need is obvious or because the individual requests an accommodation." *Id.* (brackets and internal quotation marks omitted).

The district court found "it is undisputed that [Mr. Reyes] did not request an accommodation, nor does [Mr. Reyes] set forth any evidence that his need for an accommodation was obvious, or refute any of the evidence presented by [Mr. Jensen and Mr. Gerrard] that they were unaware that [Mr. Reyes] was disabled." R., Vol. II at 297 (internal quotation marks omitted). As a result, summary judgment for failure to accommodate was proper.

## C. *Due Process*

The district court found that Mr. Jensen was entitled to summary judgment on the due process claim on the grounds of qualified immunity. We agree.

### 1. *Qualified Immunity*

"Under the qualified immunity doctrine, government officials performing discretionary functions, generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established federal statutory or constitutional rights of which a reasonable person would have known." *Riggins v. Goodman*, 572 F.3d 1101, 1107 (10th Cir. 2009) (brackets and internal quotation marks omitted). "When a defendant asserts qualified immunity at summary judgment, the burden shifts to the plaintiff, who must clear two hurdles in order to defeat the defendant's motion." *Id.* First, "[t]he plaintiff must demonstrate on the facts alleged . . . that the defendant violated his constitutional or statutory rights," and second, "that the right was clearly established at the time of the alleged unlawful activity." *Id.*

"A right is clearly established when, at the time of the alleged violation, the contours of the right were sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Id.* at 1111 (brackets and internal quotation marks omitted). "A plaintiff can demonstrate that a constitutional right is clearly established by references to cases from the Supreme Court, the Tenth Circuit, or the weight of authority from other circuits." *Id.*

## a. *Constitutional Violation*

"To assess whether an individual was denied procedural due process, courts must engage in a two-step inquiry: (1) did the individual possess a protected interest such that the due process protections were applicable; and, if so, then (2) was the individual afforded an appropriate level of process." *Id.* at 1008 (internal quotation marks omitted). Here, Mr. Reyes asserted two protected interests that he claims he was deprived of without appropriate due process: (1) the right to be present and to be heard at the August 15 hearing, and (2) an interest in the Ready Mix gravel-mine project.[3]

With regard to the right to be present and heard, the district court found that Mr. Reyes "attended the [August 15] hearing, was included on a list of individuals who wished to speak at the hearing and was given the opportunity to speak." R., Vol. II at 300. The court further found that Mr. Reyes lacked a protected property interest in the Planning Commission's hearing regarding the gravel-mine project because the final decision-maker whether to approve Ready Mix's application was the Board of Commissioners.

---

[3] Mr. Reyes raises a new due process argument for the first time on appeal—that he was not told prior to the August 15 hearing that he could not give his speaking time to Ms. Reyes to have her speak on his behalf. It is unclear how this new argument would give rise to a due process claim. But in any event, Mr. Reyes forfeited the argument by failing to raise it in the district court and has waived the argument on appeal by failing to argue that the lower court's failure to consider the new theory was plain error. *See Richison v. Ernest Grp., Inc.*, 634 F.3d 1123, 1127-31 (10th Cir. 2011).

In any event, the district court found that even if Mr. Reyes "had demonstrated a protectible liberty or property interest, the undisputed facts establish that [Mr. Jensen] did not deprive [Mr. Reyes] of proper process." *Id.* at 301. "[I]t is undisputed that the gravel mine application was presented to the Planning Commission at the hearings on August 15 and August 22. The hearings were open to the public, advertised in the local newspaper ahead of time, and [Mr. Reyes] attended the hearing." *Id.* at 302 (citation omitted). Mr. Reyes "was included on the list of speakers, and [he] was specifically invited to come forward and speak when [he] attempted to give his time to Ms. Reyes. [Mr. Reyes] refused the opportunity to speak." *Id.* at 302-03 (citations omitted). We agree with the court's finding that these procedures satisfied the fundamental requirement of due process, which "'is the opportunity to be heard at a meaningful time and in a meaningful manner.'" *Id.* at 301 (quoting *Pater v. City of Casper*, 646 F.3d 1290, 1298 (10th Cir. 2011)).

### b. *Clearly Established Right*

The district court further found that "even if [Mr. Reyes] had established a due process violation, Mr. Jensen is entitled to qualified immunity because [Mr. Reyes] has not demonstrated a clearly established right." *Id.* at 303. Specifically, the court found that Mr. Reyes "has not identified, nor has the Court uncovered, any precedent that would have put Mr. Jensen on notice that that informing [Mr. Reyes] that he could not give his speaking time to Ms. Reyes, while simultaneously inviting [Mr. Reyes] himself to speak, would have violated [Mr. Reyes's] constitutional rights." *Id.* Moreover, Mr. Reyes has also failed to direct this court to any relevant precedent

12

on appeal. His failure to demonstrate a clearly established right means that Mr. Jensen was entitled to summary judgment on the grounds of qualified immunity.

## D. *New Claims*

In response to defendants' motion for summary judgment, Mr. Reyes attempted to raise several new claims that were not raised in the operative complaint; namely, claims arising under the Equal Protection Clause, the First Amendment, and the Ninth Amendment. The district court refused to consider the new claims on the grounds that a party is not permitted to raise new claims at the summary judgment stage. *See Evans v. McDonald's Corp.*, 936 F.2d 1087, 1091 (10th Cir. 1991) ("[P]laintiffs [cannot] wait until the last minute to ascertain and refine the theories on which they intend to build their case.").

Not only did Mr. Reyes attempt to raise new claims in response to defendants' motion for summary judgment, he also tacks on several new claims for the first time on appeal, which include fraud on the court, violation of HIPAA, and race-based discrimination. But Mr. Reyes forfeited all these claims by failing to raise them in the district court, and has waived them in this court by failing to argue that the magistrate judge's failure to consider them was plain error. *See Richison*, 634 F.3d at 1127-31.

## IV. CONCLUSION

The judgment of the district court is affirmed. We deny Mr. Reyes's and Ms. Reyes's motions to proceed on appeal without prepayment of fees—in other words *in forma pauperis*—because they have failed to show "the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." *DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991).

Entered for the Court

Mary Beck Briscoe
Circuit Judge